FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> COUNCIL FOR EDUCATION AND RESEARCH ON TOXICS, a California public benefit corporation, <br><br> Intervenor-Defendant-Appellant. | No. 21-15745 <br><br> D.C. No. 2:19-cv-02019-KJM-JDP <br> Eastern District of California, Sacramento <br><br> ORDER |

Before: GOULD, BENNETT, and R. NELSON, Circuit Judges.

Order;
Statement Respecting Denial by Judge Berzon

# SUMMARY[*]

## Civil Rights

The panel denied on behalf of the court a petition for rehearing en banc in an action brought pursuant to 42 U.S.C. § 1983 in which the panel had affirmed the district court's order granting California Chamber of Commerce's motion for a preliminary injunction that prohibited the Attorney General and his officers, employees, or agents, and all those in privity or acting in concert with those entities or individuals, including private enforcers, from filing or prosecuting new lawsuits to enforce the Proposition 65 warning requirement for cancer as applied to acrylamide in food and beverage products.

Respecting the denial of rehearing en banc, Judge Berzon, joined by judges Wardlaw, Watford, Koh and Sanchez, stated that in this opinion, without basis in law or precedent, the Court narrowed the fundamental right to access the courts. The panel opinion closes the courtroom doors to *all* those seeking to enforce provisions of California's Proposition 65 with respect to a chemical present in a wide range of food products—on pain of contempt. In doing so, the panel opinion expands the so-called "illegal objective" exception, originating from a footnote in a labor lawsuit, *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 737 n.5 (1983), far beyond any prior decision of the Supreme Court or the appellate courts: it allows a single judge to enjoin potential plaintiffs from filing any sort of lawsuit if the judge predicts that the lawsuits will fail upon a defense grounded in a federal right. The labor-specific "illegal objective" exception does not countenance such an injunction for non-labor lawsuits.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judges Gould, Bennett, and Nelson have voted to deny Appellant's petition for rehearing *en banc*.

The full court has been advised of the petition for rehearing *en banc*. An active judge requested a vote on whether to rehear the matter *en banc*. The matter failed to receive a majority of votes of the non-recused active judges in favor of *en banc* consideration. *See* Fed. R. App. P. 35.

The petition for rehearing *en banc* is **DENIED**.



*California Chamber of Commerce v. Council for Education and Research on Toxics*, No. 21-15745

BERZON, Circuit Judge, with whom WARDLAW, WATFORD, KOH, and SANCHEZ, Circuit Judges, join, respecting the denial of rehearing en banc:

The right to access the courts is one of "the most precious of the liberties safeguarded by the Bill of Rights." *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967). But in this opinion, without basis in law or precedent, this Court narrows that fundamental right. The panel opinion closes the courtroom doors to *all* those seeking to enforce provisions of California's Proposition 65 with respect to a chemical present in a wide range of food products—on pain of contempt. In doing so, the panel opinion expands the so-called "illegal objective" exception far beyond any prior decision of the Supreme Court or the appellate courts: it allows a single judge to enjoin potential plaintiffs from filing any sort of lawsuit if the judge predicts that the lawsuits will fail upon a defense grounded in a federal right. I object to the panel's unjustified curtailment of the First Amendment's protections and of litigation norms and respectfully disagree with this Court's refusal to reconsider the panel opinion en banc.

I.

Enacted by the voters of California in 1986, Proposition 65 is a "landmark" statute aimed at protecting the public from exposure to toxic chemicals. *People ex rel. Lungren v. Superior Ct.*, 14 Cal. 4th 294, 315 (1996) (Baxter, J., dissenting).

1

The statute provides that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning." Cal. Health & Safety Code § 25249.6. Certain government officials (such as the California Attorney General) and private litigants are both statutorily authorized to bring actions to enforce Proposition 65's guarantees. Cal. Health & Safety Code § 25249.7(c), (d).

In this case, the California Chamber of Commerce ("CalChamber") filed a complaint and motion for preliminary injunction asking the district court to bar "the Attorney General and all those in privity with him from filing and/or prosecuting new lawsuits to enforce the Proposition 65 warning requirement for cancer as applied to acrylamide in food products." The Council for Education and Research on Toxics ("CERT"), a non-profit with expertise in acrylamide warnings, intervened in the lawsuit as a defendant. Rejecting CERT's argument that an injunction would constitute an unlawful prior restraint in violation of its First Amendment rights, the district court granted a preliminary injunction, providing that the injunction applied to the Attorney General, his agents, and all "private enforcers" of Proposition 65. After a motions panel of this Court granted a stay of the injunction pending appeal, the merits panel affirmed the injunction as to CERT, holding that CERT had standing and that the district court did not err in granting

the preliminary injunction—in part because the "illegal objective" doctrine barred CERT's prior restraint claim. *See Cal. Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 475–83 (9th Cir. 2022).

## II.

The merits panel's opinion contradicts decades of settled First Amendment precedent regarding the "illegal objective" exception. The opinion transforms a narrowly tailored labor law doctrine into a broad tool permitting the preclusion of the filing of good-faith, reasonably based lawsuits when a judge predetermines the merits of those lawsuits—or, in the case of a preliminary injunction, predicts the likely merits. Nothing in Supreme Court precedent sanctions such a severe restriction on the First Amendment's protection of the right to petition for redress. This Court should have reheard this case en banc.[1]

## A.

---

[1] The panel opinion declined to review an interlinked aspect of the district court injunction: its breadth as to the parties covered. *See Cal. Chamber of Com.*, 29 F.4th at 482–83. In a lawsuit with a single defendant (i.e., the California Attorney General) and one intervenor (i.e., CERT), the district court issued an injunction that applied to "all . . . private enforcers" of Proposition 65. Under recent binding Supreme Court precedent, a federal court may not issue "an injunction against any and all unnamed private persons who might seek to bring their own . . . suits," even if the attorney general also has the authority to enforce the law in question. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 535 (2021).

3

The "illegal objective" doctrine originates from a footnote in the Supreme Court's decision in *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 737 n.5 (1983). A case about the National Labor Relations Board's ("NLRB") authority to block retaliatory employer lawsuits, *Bill Johnson's* held that the NLRB could enjoin "an improperly motivated suit lacking a reasonable basis" under the National Labor Relations Act ("NLRA"). *Id.* at 744. In footnote five, the Supreme Court briefly noted an additional category of suit that the NLRB had the authority to enjoin as well: "a suit that has an objective that is illegal under federal law."[2] *Id.* at 737 n.5.

Crucially, in its fleeting allusion to the "illegal objective" exception, the Supreme Court spoke solely about the NLRB's authority to forbid litigation, not that of any other body. *Id.* Such an exception had been applied, the Court wrote, in two instances: (1) the Court had previously "upheld Board orders enjoining unions from prosecuting court suits for enforcement of fines that could not lawfully be imposed under the [NLRA]" and (2) the Court had once "concluded that, at the Board's request, a District Court may enjoin enforcement of a state-court injunction 'where [the Board's] federal power pre-empts the field.'" *Id.* (alteration

---

[2] The panel opinion exclusively relies on the "illegal objective" exception as the basis for affirming the district court's injunction, explicitly distinguishing the "illegal objective" exception from *Bill Johnson's* "improperly motivated/reasonable basis" test. *See Cal. Chamber of Com.*, 29 F.4th at 481 n.16.

4

in original) (quoting *N.L.R.B. v. Nash-Finch Co.*, 404 U.S. 138, 144 (1971)). In other words, the "illegal objective" exception was a doctrine to preserve the NLRB's authority to decide issues of labor law—a power delegated to the Board by Congress, *see San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244–45 (1959)—and to block litigants from undercutting that authority once the NLRB had issued its decisions.

**B.**

The panel opinion erred in its unprecedented extension of the "illegal objective" exception beyond the NLRB context. To my knowledge, every circuit court decision invoking the "illegal objective" doctrine over the past 40 years—besides the panel opinion—has faithfully applied the Supreme Court's reasoning in *Bill Johnson's* and used the doctrine only in labor law cases concerning the NLRB's authority; in almost all of those cases, the NLRB was a party.[3] *See, e.g., United Nurses Ass'ns of Cal. v. N.L.R.B.*, 871 F.3d 767 (9th Cir. 2017); *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015), *aff'd sub nom. Epic Sys.*

---

[3] I was able to find only a single federal case applying the "illegal objective" doctrine in a non-labor-law dispute: a district court decision in *United States v. Wagner*, 940 F. Supp. 972 (N.D. Tex. 1996). *Wagner* contained no reasoning to justify its use of the "illegal objective" exception outside the labor law context, and it invoked both parts of *Bill Johnson's* "improperly motivated/reasonable basis" test in addition to the separate, "illegal objective" test as the foundation for its decision, *see id.* at 980–82 (unlike the merits panel's opinion which relied solely on the "illegal objective" test, *see Cal. Chamber of Com.*, 29 F.4th at 480–82).

5

*Corp. v. Lewis*, 138 S. Ct. 1612 (2018); *Sheet Metal Workers Int'l Ass'n Loc. Union No. 27 v. E.P. Donnelly, Inc.*, 737 F.3d 879 (3d Cir. 2013); *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*, 611 F.3d 483 (9th Cir. 2010); *Wright Elec., Inc. v. N.L.R.B.*, 200 F.3d 1162 (8th Cir. 2000); *Loc. 30, United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n v. N.L.R.B.*, 1 F.3d 1419 (3d Cir. 1993); *Chauffeurs, Teamsters & Helpers Loc. 776 Affiliated With Int'l Bhd. of Teamsters v. N.L.R.B.*, 973 F.2d 230 (3d Cir. 1992); *Nelson v. Int'l Bhd. of Elec. Workers, Loc. Union No. 46*, 899 F.2d 1557 (9th Cir. 1990), *overruled on other grounds by Miller v. Cal. Pac. Med. Ctr.*, 19 F.3d 449 (9th Cir. 1994) (en banc); *Int'l Longshoremen's & Warehousemen's Union v. N.L.R.B.*, 884 F.2d 1407 (D.C. Cir. 1989). In fact, when the Tenth Circuit was presented with the opportunity to extend the reach of the "illegal objective" doctrine beyond its defined limits in labor law—the only such instance that I have found of an appellate court confronting the question—the court refused, specifically grounding its analysis in the Petition Clause. *See CSMN Invs., LLC v. Cordillera Metro. Dist.*, 956 F.3d 1276, 1283, 1289–90 (10th Cir. 2020). As the Tenth Circuit explained:

> [G]ood reasons counsel against extending this per se rule beyond the labor-relations context. . . . By adopting an unlawful-objective exception to Petition Clause immunity, we would eliminate immunity even in cases in which the party petitioning for redress does so for benign reasons. We reject that result. Petition Clause immunity exists to promote access to the courts, allowing people to air their grievances

6

to a neutral tribunal. In fact, "the ability to lawfully prosecute even unsuccessful suits adds legitimacy to the court system as a designated alternative to force" and ensures that litigants can argue for "evolution of the law."

*Id.* at 1290 (quoting *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 532 (2002)).

The panel opinion cites no cases to defend its novel application of the "illegal objective" exception and offers no reply to the Tenth Circuit's persuasive reasoning. *See Cal. Chamber of Com.*, 29 F.4th at 480–82. Instead, the panel submits two cases—one about an injunction against relitigation, *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983), and another about intervention, *Orange County v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)[4]—and a fleeting reference to the All Writs Act and the Anti-Injunction Act for the proposition that federal courts may preliminarily enjoin lawsuits in certain instances. *See Cal. Chamber of Com.*, 29 F.4th at 481 & n.17. I do not dispute that federal courts possess the authority to enjoin future litigation in limited circumstances, usually linked to avoiding repetitive or frivolous litigation. However, neither case and neither law cited by the panel justifies a federal court's decision to enjoin a non-labor lawsuit using the NLRB-protective "illegal objective" doctrine, especially when no appellate court has done so before.

---

[4] *Orange County* mentions an injunction in its fact section and nowhere else in the opinion. 799 F.2d at 536–37.

7

## C.

The merits panel's opinion compounds its error by expanding the "illegal objective" exception even further. In addition to applying the "illegal objective" doctrine in a non-labor-law case for the first time at the appellate level—weakening the First Amendment protection accorded to the instigation of good-faith, non-frivolous litigation—the panel invokes the doctrine without a final merits determination regarding whether the lawsuit sought an illegal objective. *See Cal. Chamber of Com.*, 29 F.4th at 482. Put another way, the panel opinion allows a court to enjoin an entire class of non-labor lawsuits using a labor law doctrine solely because the court *predicts* that the suits are likely to fail on a federal law defense.

No precedent supports the panel's new and expansive exception to the Petition Clause, and none should. There are established methods in the American legal system to discourage and dispense with lawsuits with viable federal defenses. A party may file a motion to dismiss or motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6), 56. If the offending lawsuit is based on a statutory provision, a litigant may file an anticipatory, declaratory judgment suit seeking to declare the statutory provision unconstitutional. *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 5.1. But a preliminary injunction prohibiting plaintiffs from filing good-faith, non-frivolous lawsuits is not an appropriate remedy. Good-faith litigants should not be threatened

with contempt of court, and potentially fines or even incarceration to compel compliance, *see* 18 U.S.C. § 401, because there may be a valid federal defense to a lawsuit they may wish to bring. The First Amendment protects "genuine" but ultimately "unsuccessful" lawsuits, *see BE & K Const. Co.*, 536 U.S. at 532, and it ordinarily protects non-NLRB-related lawsuits from being enjoined when the success of the lawsuits—which definitionally have yet to be filed—has not been finally determined.

*   *   *

The consequences of the panel opinion should not be understated. As the Supreme Court has long held, the right to petition the government is implied by "[t]he very idea of a [republican] government." *United States v. Cruikshank*, 92 U.S. 542, 552 (1875); *see Bill Johnson's*, 461 U.S. at 741. With its unprecedented expansion of the "illegal objective" exception, the panel significantly undermines the Petition Clause's protections, permitting courts to enjoin litigation on pain of contempt because one court forecasts that the litigation will fail against a federal defense. The labor-specific "illegal objective" exception does not countenance such an injunction for non-labor lawsuits. Accordingly, I respectfully regret this Court's decision to deny rehearing en banc and its resulting effects on litigants' right to their day in court.